Clarence **HARRIMAN**, Plaintiff,

v.

**LIBERIAN MARITIME CORPORATION,**
Defendant.

Civ. A. No. 62-265-C.

United States District Court
D. Massachusetts.

April 12, 1962.

Nathan Greenberg, Boston, Mass. for plaintiff.

Hiller B. Zobel, Bingham, Dana & Gould, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action for personal injuries brought by a citizen of Massachusetts against a Liberian corporation. Plaintiff's action was commenced by writ dated September 27, 1960, returnable in Suffolk Superior Court, Commonwealth of Massachusetts, November 7, 1960. The *ad damnum* in the writ was $9900.00. The action was duly entered and thereafter the defendant duly undertook its defense.

On August 29, 1961, plaintiff served counsel for defendant with a motion to increase the *ad damnum* to $50,-000. The motion was marked for hearing September 29, 1961, at which time decision was deferred by the Superior Court Judge presiding at the motion session to the Judge who would preside at the trial of the action. Thereafter, on January 12, March 9, and April 2, 1962, the defendant unsuccessfully sought to have other Judges of the Superior Court act on the motion, but at each motion session a ruling was deferred for later determination by the Judge who was to preside at the eventual trial of the case.

On April 2, 1962, defendant filed with the Clerk of Suffolk Superior Court a written assent to the allowance of plaintiff's motion and served plaintiff's attorney with a copy thereof. On April 6, 1962, defendant removed the case to this Court in reliance on the provisions of 28 U.S.C.A. §§ 1441 and 1446. Plaintiff thereupon filed a motion to remand the case to the State court.

Plaintiff's position, briefly stated, is that the case was not removable on April 6, 1962, because of defendant's prior failure to comply with the twenty-day requirement contained in 28 U.S.C.A. § 1446(b), i. e., by not removing within twenty days after receipt of the motion to increase *ad damnum*. Defendant, on the other hand, asserts that the case did not become removable by reason of the mere filing of the motion to increase the *ad damnum* but, on the contrary, became removable only when defendant filed its "assent" to the allowance of said motion.

■ Defendant incorrectly assumes that its filing an "assent" to plaintiff's motion to increase the *ad damnum* is self-executing and has the legal effect of increasing the *ad damnum* of the State court action and thereby making the case removable for the first time. Defendant cites no authority for this novel and untenable proposition which this Court cannot accept. It is elementary that in either State or Federal practice a motion is not automatically allowed by the mere filing of an "assent," or a notation of "no opposition" thereto, and it is a matter of daily experience that Courts frequently deny motions which have been assented to. If defendant's contention that this case was not properly removable until the motion to increase the *ad damnum* was allowed were valid, then defendant would have proven too much, because the motion to increase the *ad damnum* is still a pending motion and defendant's removal of this case would, therefore, be premature. For reasons stated in the following paragraphs this Court rejects defendant's contention that the case is not removable until the motion to increase the *ad damnum* is allowed by the State court. The question of premature removal is not open herein.

The parties concede that the controlling language is the second paragraph of 28 U.S.C.A. § 1446(b), which provides:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Plaintiff relies upon Gilardi v. Atchison, Topeka and Santa Fe Railway Co., 189 F.Supp. 82, 84 (D.C.N.D.Ill.1960). In the Gilardi case, the complaint filed in State court did not indicate the place of residence of the plaintiff, so that at the time when defendant's answer was filed nothing appeared in the record to indicate the existence of diversity of citizenship. Thereafter, in taking a deposition in discovery proceedings, counsel for defendant ascertained for the first time the fact that plaintiff's residence was in a different State from that of the defendant. The Court held that a petition for removal filed within twenty days from the date of acquiring this information in the course of the deposition was timely filed, even though the deposition itself had not been filed in the office of the Clerk of the State court as part of the papers of the State court case. The Court ruled, in substance, that the petition for removal must be filed within twenty days after receipt by defendant of an "other paper" from which it first may be ascertained that the case is one which is or has become removable.

Defendant herein seeks to distinguish the Gilardi case by arguing that until plaintiff's motion to increase the *ad damnum* was changed from a pending motion to an allowed motion by defendant's assent thereto this case is not a case which "has become removable" or "is" removable.

Defendant's argument that the instant case is not within the scope of Section 1446(b) is not persuasive. The statute requires a defendant to file its petition for removal "within twenty days after receipt by the defendant * * * of * * * [a] motion * * * from which it may first be ascertained that the case is one which is or has become removable." The event which triggers the running of the twenty-day period is the receipt by defendant of a document from which it may be ascertained that the plaintiff is, for the first time, putting forth a claim in excess of $10,000. Congress did not condition the running of the twenty day period upon receipt by defendant of knowledge that a motion had been allowed but, rather, on the receipt by defendant of a document which would bring home to that defendant the fact that plaintiff had changed his claim

and increased it to a sum in excess of the jurisdictional amount. While defendant's contention is well taken that under the law of Massachusetts an *ad damnum* is not increased by the mere filing of a motion seeking to produce that result, nevertheless it cannot be denied that once such a *motion* is filed defendant is then on notice that plaintiff is claiming that his case involves the jurisdictional amount and must remove or lose his right so to do within twenty days therefrom.

Motion to remand allowed.