**GRAPHIC SCANNING CORP., and Mordecai Bluth, Plaintiffs,**

v.

**Barry YAMPOL, Nathan Bellow, Frederick Galland, Arthur J. Radin, Stanley Itskowitch, and Michael Beckman, Defendants.**

Civ. A. No. 87–235–JJF.

United States District Court, D. Delaware.

Jan. 21, 1988.

Charles F. Richards, Samuel A. Nolen, and Gregory P. Williams, of Richards, Layton & Finger, Wilmington, Del., for plaintiff Graphic Scanning Corp.

Irving Bizar, of Bizar, D'Alessandro, Shustak & Martin, New York City, and Kevin Gross, of Morris and Rosenthal, Wilmington, Del., for plaintiff Mordecai Bluth.

Martin C. Tully, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant Barry Yampol.

Bruce M. Stargatt, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendants Nathan Bellow, Frederick Galland, Arthur J. Radin, Stanley Itskowitch, and Michael Beckman.

## MEMORANDUM OPINION

FARNAN, District Judge.

Plaintiff, Mordecai Bluth, brought a shareholder derivative action against Graphic Scanning Corporation ("Graphic") in June, 1982, in the Court of Chancery of the State of Delaware. Bluth's suit alleged that Graphic's directors had breached their fiduciary duty to Graphic. In the Spring of 1986, Graphic's stockholders initiated a successful proxy contest that resulted in the removal of the majority of Graphic's directors who were defendants to Bluth's suit. The new directors of Graphic, with Bluth's consent, decided to pursue Bluth's claims against former director Barry Yampol and the other ousted directors. Bluth is a citizen of New York, while Graphic is a citizen of Delaware by virtue of its incorporation in Delaware, and New Jersey, where its business operations are located. Defendant Yampol is a citizen of Florida and the other defendant directors are citizens of New York. On March 12, 1987, Graphic filed in the Chancery Court action a Motion for Realignment as a plaintiff. During oral argument on the Motion for Realignment, plaintiff Bluth, through his attorney, informed the Chancery Court of his intention to withdraw from the litigation if the motion was granted. The Court of Chancery granted Graphic's motion on April 9, 1987. Graphic then filed its Third Amended and Supplemental Complaint which list-

ed Bluth as a plaintiff, although the pleading was not signed by Bluth's counsel. On April 29, 1987, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1446(b) on the basis of federal diversity jurisdiction. Presently before this Court is plaintiff's motion to remand this action to the Delaware Chancery Court.

In support of their motion, plaintiffs advance three contentions. First, plaintiffs assert that the action was improperly removed because complete diversity of citizenship between plaintiffs and defendants is lacking. Additionally, plaintiffs aver that the case is not removable because the alleged grounds for removability were not caused by a voluntary act of a plaintiff. Finally, plaintiffs maintain that the defendants did not timely file their removal petition under the provisions of 28 U.S.C. § 1446(b).

The defendants, in opposing the Motion to Remand, argue that complete diversity is present. The defendants claim that plaintiff Bluth is only a nominal plaintiff who must be disregarded for diversity purposes. Further, defendants state that the grounds for removal were created by a voluntary act of plaintiff Bluth. Lastly, defendants state that the time period in 1446(b) did not commence until Graphic's Motion for Realignment was granted and, therefore, the removal petition was properly filed.

The initial question that must be addressed is the timeliness of the defendant's removal petition. The applicable section for determining the timeliness of such a petition is 28 U.S.C. § 1446(b) which states in part:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b) (1982). Graphic contends that § 1446(b) required Yampol to file his removal petition within thirty days of Yampol's receipt of the Motion for Realignment, which was dated March 12, 1987. It is undisputed that Yampol filed the removal petition on April 29, 1987, however, it is Yampol's contention that the thirty-day period did not being to run until April 9, 1987, the date when the Chancery Court granted the Motion for Realignment. Yampol argues that, once Graphic was aligned as a plaintiff, Bluth became a nominal plaintiff who could be disregarded for purposes of determining diversity jurisdiction and then removal was appropriate.

■ I interpret § 1446(b) to provide that the thirty-day time period for removal does not begin to run until the grounds for removal are clearly established. I am persuaded that the mere filing of a motion for realignment by a plaintiff in a state court action does not commence the thirty-day period for removal. Not until the state court rules on such a motion, and the basis for federal jurisdiction becomes evident, does the time period for removal commence.

I believe this reading is consistent with the plain language of § 1446(b). Section 1446(b) states that the thirty-day period begins when the case "is one ... which is or has become removable." A plaintiff's motion that seeks a change in the nature of his case does not, in and of itself, make the case removable. The state court, by adjudicating the motion in the plaintiff's favor, alters the character of the plaintiff's action from a purely state-based cause of action to one involving a federal basis of jurisdiction. It is only at the time of the state court's ruling that a party becomes certain of the removability of the case.

Further, this interpretation of § 1446(b) assures that a defendant's decision to remove an action will be an informed one since the ground for removal will be clear. The United States Court of Appeals for the Tenth Circuit adopted a similar analysis in *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir.1979), stating that the purpose of the thirty-day period in § 1446(b) was "to allow the defendant to intelligently ascertain removability so that in his petition for removal he can make a

simple and short statement of the facts. If the statute is going to run, the notice ought to be unequivocal." *See also Schoonover v. West American Ins. Co.*, 665 F.Supp. 511, 514 (S.D.Miss.1987) (time period for removal under § 1446(b) did not begin until state court granted plaintff's motion to amend complaint); *Lesher by Lesher v. Andreozzi*, 647 F.Supp. 920, 922 (M.D.Pa.1986) (appropriate date under § 1446(b) was the date the state court approved proposed settlement agreement dismissing nondiverse defendants); *Vidmar Buick Co. v. General Motors Corp.*, 624 F.Supp. 704, 706 (N.D.Ill.1985) (section 1446(b) contemplates situations in which defendants wait for enabling state court orders before removing to federal court).

I recognize that other district courts have read § 1446(b) to require the thirty-day period to run from the date of the plaintiff's motion, not the date of the final state court order. *See Jackson v. Brooke*, 626 F.Supp. 1215, 1217 (D.Col.1986) (defendant had thirty days from receipt of plaintiff's response to motion for summary judgment to file petition for removal); *Harriman v. Liberian Maritime Corp.*, 204 F.Supp. 205, 206 (D.Mass.1962) (period for removal began when plaintiff filed his motion to increase *ad damnum*). However, I disagree because as I have said, I believe the commencement of the thirty-day period upon the filing of the plaintiff's motion would force a defendant to speculate as to the state court's ruling and require a defendant to file his removal petition before the grounds for removal actually exist.

In this case, the defendants filed their removal petition within thirty days of the state court's order granting plaintiff's motion for realignment and therefore I find that the defendant's petition for removal was timely filed under § 1446(b).

With regard to the merits of the removal, the defendants assert that Bluth is only a nominal party with no stake in the outcome of the case, and therefore, defendants maintain that his citizenship should be disregarded for purposes of establishing diversity jurisdiction.

In *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970), the Supreme Court characterized the stockholder in a derivative action as at best a nominal plaintiff. The Court reasoned that it is the corporation in derivative actions who is the real party in interest. *Id.* at 538, 90 S.Ct. at 738. In such a situation, a Court "must disregard nominal ... parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). *See also Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir.1985) (citizenship of purely nominal parties may be disregarded for determining diversity).

■ The circumstances of Bluth's involvement in this case lead me to conclude that he was and is only a nominal plaintiff.

Bluth originally brought this action against Graphic derivatively in his capacity as a shareholder which under *Ross*, 396 U.S. at 538, 90 S.Ct. at 738, places him in the status of a nominal plaintiff. Thereafter, Bluth represented in state court that he intended to withdraw from this action once Graphic was aligned as a plaintiff.

Graphic has since been aligned as a plaintiff and is now pursuing the original claims Bluth brought against the corporation and its then Board of Directors. I also note that Bluth's counsel was not captioned nor did they sign the Amended Complaint on which Graphic and Bluth have been designated as plaintiffs.

Therefore, treating Bluth as a nominal plaintiff and ignoring his citizenship for diversity purposes, I find that there is complete diversity among the plaintiff Graphic and the defendant Directors.

■ Finally, plaintiffs claim that even if Bluth is a nominal party, the case is not removable because the grounds for removal were not created by a voluntary act of plaintiff Bluth. The plaintiffs rely on a line of Supreme Court cases for this voluntary act requirement. *See Lathrop, Shea & Henwood Co. v. Interior Construction & Improvement Co.*, 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177 (1909); *Whitcomb v.*

*Smithson,* 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900). Congress adopted this common-law voluntary act doctrine in passing § 1446(b). *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 548 (5th Cir.1967). As previously stated, the act which gave rise to federal jurisdiction in this action was the realignment of Graphic as a party. The plaintiff Bluth did not oppose this Motion for Realignment. In fact, Bluth advocated before the state court that Graphic be realigned as a plaintiff and be permitted to file an Amended Complaint. It is inconsistent for Bluth to support realignment in state court and then claim before this Court that the realignment was imposed involuntarily. The Court finds that the grounds for removal arose at least in part from a voluntary act of the original plaintiff Bluth.

For the reasons stated above, the Court denies the plaintiff's Motion to Remand. An Order will be entered consistent with this Opinion.