Clifford KING, Plaintiff,

v.

KAYAK MANUFACTURING CORP., a New York corp., Defendant.

Civ. A. No. 88–0031–C.

United States District Court, N.D. West Virginia, Clarksburg Division.

July 15, 1988.

Peter Perlman, Lexington, Ky., Darwin Johnson, Morgantown, W.Va., for plaintiff.

Richard E. Hamstead, Morgantown, W. Va., for defendant.

## MEMORANDUM OPINION

MAXWELL, Chief Judge.

Originally instituted in the Circuit Court of Monongalia County, West Virginia, this action was removed by Defendant Kayak Manufacturing Corporation ("Kayak") to this Court on March 16, 1988. Inasmuch as removal was not perfected until twenty-two (22) days after the jury returned a verdict in the State Court, Plaintiff filed the motion to remand now under consideration, arguing that Kayak has waived its right to remove this action by participating in a trial on the merits and by making dispositive motions in State Court after the action became removable.

Circumstances surrounding the removal are far from ordinary; thus, the Court finds it imperative to briefly summarize the procedural background of this case.

Plaintiff brought this action against Kayak, a New York corporation, and Jack Marks, a resident of West Virginia, alleging products liability against Kayak, the manufacturer of the above-ground pool in which Plaintiff was injured, and negligence against Jack Marks, the owner of the pool. Plaintiff Clifford King is a citizen and resident of the State of West Virginia.

The trial began in State Court on February 16, 1988. At the end of Plaintiff's case-in-chief, on February 19, 1988, Kayak moved for a directed verdict. On that same day, the presiding state judge advised the parties from the bench that the resident defendant, Jack Marks, was no longer a party to the action.[1] Kayak contends that a written copy of the Jury Order dismissing the resident defendant was not obtained by Kayak until several days after completion of the trial.[2]

After being advised by the trial judge that the resident defendant was no longer a party, Kayak proceeded to present its defense. On February 23, 1988, Kayak concluded its case, Plaintiff presented two rebuttal witnesses, and the State Court granted Plaintiff's motion for a directed verdict on the issue of liability. Kayak made no closing argument. The jury then returned a verdict against Kayak for three million dollars. On March 3, 1988, Kayak filed in the State Court a Motion to Set Aside Directed Verdict and a Motion for a New Trial. As earlier noted, Kayak then removed this action on March 16, 1988.

The Court notes that Kayak has not presented the Court with a question of fraudulent joinder or sham defendant. In such cases, the issue is whether the plaintiff has fraudulently joined a resident defendant to deprive a nonresident defendant of the right to remove an action to federal court.

In determining whether this case was properly removable, the Court is guided by 28 U.S.C. § 1446(b), which reads as follows:

1. The transcripts of the proceedings in the State Court are not available for this Court's review although both parties agree that the pronouncement was made.

2. The Jury Order is dated, "Entered," and "Filed" as of February 19, 1988, and, in pertinent part, reads:

    The Court then announced to the Jury that Jack Marks, Defendant, was no longer party to this suit.

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Kayak's position is that the case could not be considered removable until it had received the *written* Jury Order several days after the trial concluded. Plaintiff, on the other hand, argues that removability could be ascertained when the state trial judge advised the jury and the parties from the bench that the resident defendant was no longer a party; thus, Plaintiff asserts that Kayak waived its right to removal by submitting to state jurisdiction after it received notice of the removability of the action.

The right to remove pending state litigation to federal courts is an important right, but many Federal Courts have recognized that a defendant can waive his right to remove a case where it is shown that the defendant submitted to state court jurisdiction after receiving notice of the removability of the action. *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986); *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.,* 631 F.Supp. 171 (W.D.Tenn.1986); *Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GMBH,* 579 F.Supp. 1476 (C.D.Ill.1984); *Bedell v. H.R.C. Ltd.,* 522 F.Supp. 732 (E.D.Ky.1981).

This Court must first determine then whether the trial judge's bench order or the February 19 Jury Order acted to create the requisite diversity necessary to establish removability, and, if so, whether Kayak, thereafter, waived its right to remove. In other words, before addressing the issue of waiver, the Court must determine whether this action became removable at any time during the State Court proceedings.

■ Generally, only a voluntary act on the part of a plaintiff can render an initially unremovable action removable under the second paragraph of 28 U.S.C. § 1446(b). *In re Iowa Mfg. Co. of Cedar Rapids, Iowa,* 747 F.2d 462 (8th Cir.1984); *Robinson v. LaChance,* 209 F.Supp. 845 (E.D.N.C.1962). Hence, if the state trial judge's pronouncement that the resident defendant was no longer a party resulted from a directed verdict over Plaintiff's objection, the action was not removable.

■ There is no evidence before this Court to indicate that anything less than a voluntary settlement occurred between Plaintiff and Defendant Marks. Plaintiff represents that settlement was voluntary and for valuable consideration, as noted in its Memorandum in Support of Plaintiff's Motion to Remand. Kayak also acknowledges in its Opposition Memorandum that it was made aware that the Plaintiff had voluntarily accepted settlement through the word of counsel, although no details of the settlement were divulged. Thus, diversity was established by the state trial judge's approval of that settlement, and removal became an option for Kayak.

Considering that this action was removable, it must be determined when the action became removable and whether Kayak waived its right to remove.

This Court finds that the state trial judge approved of the settlement between Plaintiff and Marks when he announced from the bench that Marks was no longer a party to the case. The statement was unequivocal, and at that time, the action became removable. Kayak's alleged uncertainty about the voluntariness or finality of the settlement is not supported by the record. If Kayak was truly uncertain about the trial judge's approval of the settlement or removability of the action, it had

a duty to inquire, particularly in light of the advancing stage of the trial. *Cf., Weaver v. Miller Elec. Mfg. Co., Inc.,* 616 F.Supp. 683 (D.C.Ala.1985) (when a state court complaint does not facially preclude removal, defendant has duty to inquire about removability in order to be entitled to tolling of time limitations on removal).

This Court is not persuaded by Kayak's argument that it did not or could not ascertain the removability of the action when the state judge announced that the resident defendant Marks was no longer a party. Kayak relies upon the fact that the trial court's oral ruling on the record was not immediately reduced to a written minute order of the court. However, this Court finds that the state trial court's pronouncement placed Kayak on notice that diversity existed and the case was then removable.

Authority exists to support the Court's conclusion that a written order is not necessarily a paramount consideration in determining whether a case is ripe for removal. *Aynesworth v. Beech Aircraft Corp.,* 604 F.Supp. 630 (W.D.Texas 1985); *Heniford v. American Motor Sales Corp.,* 471 F.Supp. 328 (D.S.C.1979). In *Heniford,* the Court found that the closing statement of Plaintiff's counsel was tantamount to a dismissal where he instructed the jury not to return a verdict against the resident defendant. In the instant action, Kayak was placed on notice that diversity existed when the State Court advised Kayak that Marks was no longer a party; yet, Kayak assumed the initiative before the State Court and proceeded to present its defense to the jury.

Moreover, Kayak's argument that it would have been impossible to properly effectuate removal before the end of trial is unpersuasive (it appears that removal could have been perfected some time between February 19th and 23rd). Additionally, Kayak could have requested a continuance to effectuate removal or noticed the trial court of its intent to remove the action, neither of which did they do.

As the record is now before the Court, however, it appears that Kayak's removal of the action is an afterthought—an attempt to subvert the adverse State Court verdict. A defendant simply cannot.... "experiment on his case in the state court, and, upon an adverse decision, then transfer it to the Federal Court." *Rosenthal v. Coates,* 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399 (1893). Under such circumstances, removal is improvident.

In light of the foregoing discussion, a separate, contemporaneous Order is being entered granting Plaintiff's Motion to Remand.

ORDER

On March 16, 1988, Defendant Kayak Manufacturing Corporation ("Kayak") filed a Petition for Removal in this Court, twenty-two days after the jury in the State Court returned its verdict in the matter. On April 4, 1988, Plaintiff filed a Motion to Remand, claiming that Kayak had waived its right to remove by participating in a trial on the merits and by making dispositive motions in State Court after the action became removable.

On April 19, 1988, Kayak filed a Memorandum in Opposition to Plaintiff's Motion for Remand, arguing that it had not waived its right to removal and that Kayak had exercised its right as soon as practical. On April 29, 1988, Plaintiff filed its Reply to Kayak's Memorandum.

The Court has reviewed the record and the arguments of counsel, and for reasons expressed by the Court in a separate contemporaneous Memorandum Opinion, it is

ORDERED that Plaintiff's Motion to Remand be, and hereby is, GRANTED and the Clerk of Court is directed to forward an authenticated copy of the said Memorandum Opinion along with an authenticated copy of this Order to counsel of record.