### Harold Richard WEBSTER and Rhonda Webster, Plaintiffs,

v.

### SUNNYSIDE CORPORATION and Lenoch & Cilek, Inc., d/b/a Lenoch & Cilek True Value Hardware, Defendants.

### No. 3–93–CV–80130.

United States District Court,
S.D. Iowa,
Davenport Division.

Oct. 13, 1993.

Douglas Jay Sullivan, Lisle, IL, Barry A. Russell and Joseph J. Mowry of Hanson, Bjork & Russell, Des Moines, IA, for plaintiffs.

Robert D. Houghton and Douglas R. Oelschlaeger of Shuttleworth & Ingersoll, P.C., Cedar Rapids, IA, for Sunnyside Corp.

Richard A. Stefani and Steven A. Stefani of Gray, Stefani & Mitvalsky, Cedar Rapids, IA, for Lenoch & Cilek, Inc., d/b/a Lenoch & Cilek True Value Hardware.

## ORDER

WOLLE, Chief Judge.

At issue here is whether or not defendants filed their notice of removal of plaintiffs' state court action within the time required by 28 U.S.C. section 1446(b). The court concludes they did not and remands plaintiffs' action to the Iowa District Court for Johnson County.

On February 9, 1993, plaintiffs filed this personal injury suit in the Iowa District Court for Johnson County asserting claims grounded on theories of negligence, strict liability, and implied warranty. On May 14, 1993, plaintiffs requested leave to file an amended petition asserting additional theories of recovery: express warranty, tortious misrepresentation, and negligence *per se* under the Federal Hazardous Substance Act, 15 U.S.C. § 1261 *et seq.* Defendants resisted the motion, but the state court granted the motion on July 8, 1993. Defendants on August 5, 1993 removed the case to this court pursuant to 28 U.S.C. section 1446(b).

Title 28 U.S.C. section 1446(b) states:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

Applying the clear language of that statute to the facts in this case, the thirty-day removal period commenced when defendants first received the motion to amend stating a theory based on federal law. That motion, served and filed on May 14, 1993, put defendants on notice at that time that the case was removable. Defendants allowed more than thirty days to pass before filing and serving their removal papers on August 4, 1993. I acknowledge that in so ruling I adopt the view of a minority of the published trial court decisions addressing the language of the rule itself. I find persuasive *Harriman v. Liberian Maritime Corp.*, 204 F.Supp. 205, 206–07 (D.Mass.1962) (time period commenced when defendant received document alerting it that plaintiff had changed claim; language of statute is controlling concerning intent of Congress).

Defendants rely on the majority view that the time for remand began to run only when the motion to amend was granted and the amended complaint served. *See Graphic Scanning Corp. v. Yampol*, 677 F.Supp. 256, 258–59 (D.Del.1988) (state court ruling alters character of state-based action to federally-based action, citing 1A Moore's Federal Practice § .168[3.–5], at 488–89, now found at § .168[3.–5–6], at 595–96 (2d ed. 1993)); *Schoonover v. West American Ins. Co.*, 665 F.Supp. 511 (S.D.Miss.1987) (motion to amend did not show case had become removable because state court could deny it); *Lesher v. Andreozzi*, 647 F.Supp. 920, 922 (M.D.Pa.1986) (30 day-period commenced the date settlement approved by state court and not on date settlement agreement was executed); *Miller v. Stauffer Chemical Co.*, 527 F.Supp. 775, 777 (D.Kansas 1981) (date of service of amended pleading should trigger 30–day period). Courts adopting that view have found that a case is not made removable with the mere filing of a motion to amend. They reason that a contrary rule would require a defendant to speculate upon the removability of the action or to elect between removal and resisting the motion to amend. But to accept that reading of the statute is to ignore its clear language—language that

does not make the commencement of the thirty-day period conditional on the motion being granted. Moreover, the court is hesitant from the standpoint of judicial economy to proceed to final judgment in this court only to learn on appeal that there was no jurisdiction to decide the issues presented by the parties.

Defendants waived their right to remove this case to federal court by not serving their notice of removal to federal court within thirty days after the service on them of the motion to amend. Plaintiffs' motion to remand is granted. The clerk of court shall remand this case to the Iowa District Court for Johnson County for further proceedings.

IT IS SO ORDERED.