Sam **HIBBS** and Betty Hibbs, Plaintiffs,

v.

**CONSOLIDATION COAL COMPANY,**
Defendant.

Civ. A. No. 93–137–C.

United States District Court,
N.D. West Virginia,
Clarksburg Division.

Jan. 27, 1994.

Robert J. Shostak, Athens, OH, Michael W. McGuane, Wheeling, WV, for plaintiffs.

James A. Russell, Morgantown, WV, for defendant.

### ORDER

MAXWELL, Chief Judge.

Originally instituted in the Circuit Court of Monongalia County, West Virginia,

the above-styled civil action was removed to this Court on September 17, 1993. The Notice of Removal represents that federal jurisdiction is founded on diversity of citizenship under 28 U.S.C. § 1332(a)(1).

On October 21, 1993, the plaintiffs filed a Motion to Remand, accompanied by a memorandum of law in support.[1] The matter has been thoroughly briefed by all parties and is mature for disposition.

■ This action was initiated in state court on September 23, 1992, by the filing of a Complaint which sought damages from the defendant in the amount of $49,900.00. In July 1993, plaintiffs responded to the defendant's first set of interrogatories, wherein plaintiffs were asked for documents that support the allegations in the complaint. Plaintiffs apparently submitted two estimates for repairing subsidence damage to their home, one of which totalled $57,605.00, and the other totalled $59,500.00.

On August 9, 1993, plaintiffs filed, in the state court, a Motion to File Amended Complaint. The proposed Amended Complaint requested damages of $250,000.00. On September 15, 1993, the state court judge entered an Order granting leave to amend. As previously noted, the Notice of Removal was filed on September 17, 1993.

This case was not initially removable: the citizenship of the parties was diverse, but the damages sought by the plaintiff did not meet the jurisdictional requirement. Where, as here, the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b).

The crux of plaintiffs' Motion to Remand rests upon two basic arguments.[2] First, plaintiffs urge that the defendant failed to file its Notice of Removal within thirty (30) days after receipt of the written estimates which reflected that the repairs to the plaintiffs' home would exceed $50,000.00. Plaintiffs argue that the estimates, attached to answers to interrogatories, provided Consol with notice of the fact that the amount in controversy exceeded the jurisdictional prerequisite.

In the alternative, plaintiffs suggest that the defendant's receipt of the Motion to File an Amended Complaint, wherein the proposed amended complaint raised the prayer for relief to $250,000.00, provided the defendant with notice that the case had become removable. If either of these two events triggered removability, as urged by plaintiffs, the Notice of Removal was not timely filed and remand would be proper.

In opposition to the Motion to Remand, however, the defendant contends that it was the state court's Order Granting Leave to File Amended Complaint which first rendered the action removable. The order was entered on September 15, 1993; therefore, if entry of the order first rendered the action removable, the Notice of Removal was timely filed, and remand would be improper.

While the Court recognizes that discovery documents may be "other papers" within the meaning of 28 U.S.C. § 1446(b), the Court does not believe, in this instance, that the answers to interrogatories which included repair estimates in excess of $50,000.00 can be construed as providing notice to the defendant that the case had become removable.[3]

1. A motion to remand a case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Although the plaintiffs' pending Motion to Remand appears to be untimely, the defendant has not raised an objection to the motion on that basis.

2. Initially, plaintiffs argued that this action was not removed within one year after commencement of the state action, but in their reply brief, plaintiffs concede that the action was removed within one year after commencement of the state action.

3. The case cited by plaintiffs, *Lee v. Altamil*, 457 F.Supp. 979 (M.D.Fla.1978), is distinguishable. In *Lee*, the initial complaint contained no specific ad damnum clause but alleged serious permanent injury. The district court found that, assuming that the initial complaint did not clearly indicate the amount in controversy, subsequent discovery documents demonstrated that the

In reviewing the discovery documents made a part of the record herein, the Court can find no evidence that the plaintiffs expressed an intent to seek damages in excess of $49,-900.00 or relinquish their forum of choice. The Court believes that, where an amount of damages is specifically demanded in the complaint, the ad damnum clause takes precedence, providing a plaintiff with the opportunity to evade the jurisdictional amount. If a plaintiff does not desire to try his case in federal court, the plaintiff may sue for less than the jurisdictional amount and "though he would be justly entitled to more, the defendant cannot remove." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938).

Having determined that the discovery documents did not trigger removability, the Court must now consider whether the plaintiffs' filing of the Motion for Leave to File Amended Complaint Instanter provoked removability. The district courts are divided: the minority of district courts find that the 30–day removal period begins to run from the date the motion is filed; whereas, the majority view requires the state judge's assent to the motion.

In *Harriman v. Liberian Maritime Corporation*, 204 F.Supp. 205 (D.Mass.1962), it was held that the defendant must remove within twenty days of plaintiff's motion to increase the ad damnum clause. The court specifically rejected the notion that the case is not removable until the motion to increase the ad damnum clause is allowed by the state court. This minority view was recently adopted by another district court. In *Webster v. Sunnyside Corp.*, 836 F.Supp. 629 (S.D.Iowa 1993), the district court held that an application of the clear language of the statute required the commencement of the thirty-day removal period from the date the defendants received the motion to amend stating a theory based on federal law.

The majority view has declined to follow *Harriman.* In *Graphic Scanning Corp. v. Yampol,* 677 F.Supp. 256, 259 (D.Del.1988), the district court recognized that commencing the thirty-day period upon the filing of the plaintiff's motion would force a defendant to speculate as to the state court's ruling and require a defendant to file his removal petition before the grounds for removal actually exist. Likewise, in *Schoonover v. West American Ins. Co.,* 665 F.Supp. 511 (S.D.Miss.1987), the district court found that the motion for leave to amend did not show that the case had become removable because the state court retained discretion to deny the leave to amend. In a similar vein, the district court in *Miller v. Stauffer Chemical Co.,* 527 F.Supp. 775 (D.Kan.1981), rejected the argument that the filing of a motion to amend makes an action removable, holding that the date of service of the amended complaint controls to determine removability.

While it is a close question of law, this Court believes the majority view represents the proper application of 28 U.S.C. § 1446(b), particularly when viewed in light of the facts of this case. Plaintiffs' initial complaint demanded $49,900.00, a demand which can reasonably be seen as a planned strategy to avoid federal jurisdiction. Plaintiffs were not authorized to amend that demand without leave of court. Although such motions are commonly granted, it will be recalled that, at the time the motion was filed, this matter had been pending for nearly a year and a trial date had been scheduled and postponed. It is not inconceivable that the state court might have denied leave to amend.

Moreover, adopting the majority view relieves defendants from speculating about the state court's ruling or speculating about whether a plaintiff will withdraw a motion to amend if a Notice of Removal is filed. Accordingly, under the facts of this case, the Court finds that the thirty-day removal period did not begin to run until the state judge entered the Order Granting Leave to File Amended Complaint on September 15, 1993.[4]

amount in controversy exceeded the jurisdictional amount.

4. Plaintiffs misconstrue this Court's Memorandum Opinion in *King v. Kayak Mfg. Corp.,* 688 F.Supp. 227 (N.D.W.Va.1988). While the Court

did find in that case that a written order is not necessarily a paramount consideration in determining whether a nondiverse defendant has voluntarily been dismissed from a case, it will be recalled that, in *King v. Kayak,* the state trial

Thus, the September 17, 1993 Notice of Removal was timely filed. It is

ORDERED that the plaintiffs' Motion to Remand be, and the same is hereby, DENIED. The Clerk of Court shall send a certified copy of this Order to counsel of record. Counsel are advised that the Court has reviewed the scheduling order entered on November 4, 1993, by Judge Keeley. Given the length of time that this matter has been pending in state court prior to its removal, the Court believes the scheduling order should be strictly enforced, and counsel shall be prepared to commence the trial of this action in June 1994, subject, of course, to the disposition of any dispositive motions filed in this matter in accordance with the November 4, 1993 scheduling order.

judge announced from the bench during a jury trial that the nondiverse defendant was no longer a party to the case. Although factually distinct from the instant matter, it is not the "written" order which makes the case removable, but the pronouncement by the state judge during a proceeding of record in which he consents to a motion to amend. This avoids speculation about whether the requested relief will be granted. In addition, in *King v. Kayak*, the issue was not whether the state judge consented to an amendment but whether the plaintiff voluntarily dismissed the nondiverse defendant.