Eric MILLER, H. C. Miller, Guy Miller, G & R Miller Farms, Inc., and ESC Grain Producers, Inc., Plaintiffs,

v.

STAUFFER CHEMICAL COMPANY, Defendant.

Civ. A. No. 80–2308.

United States District Court, D. Kansas.

Nov. 24, 1981.

---

Van Smith, Garden City, Kan., for plaintiffs.

Keen K. Brantley of Wallace, Brantley & Shirley, Scott City, Kan., Raymond J. Connell of Hall & Evans, Denver, Colo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Plaintiffs have filed a motion to remand this action pursuant to 28 U.S.C. §§ 1446(b) and 1447(c). In response to the motion defendant argues (1) that removal was timely, and (2) that even if removal was improper plaintiffs waived their right to remand. The initial petition, which was filed January 29, 1979, in the District Court of Finney County, Kansas, set out facts sufficient to establish complete diversity but claimed damages of $8,278.01. Because these damages did not exceed $10,000.00, as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, the original complaint did not establish removability of the case pursuant to the first paragraph of 28 U.S.C. § 1446(b). On August 16, 1979, plaintiffs filed a motion to amend the complaint, increasing the prayer for damages to $12,-565.74. Plaintiffs argue that the filing of this motion to amend triggered the thirty-day time period for defendant to petition for removal.

Defendant contends that the mere filing of plaintiffs' motion to amend on August 16, 1979, did not trigger the time to petition for removal because the granting of plaintiffs' request called for the exercise of the

court's discretion. In fact, defendant notes that on February 13, 1980, the District Court of Finney County allowed plaintiffs to amend their petition "to include a prayer for all damages sustained by plaintiffs . . . ." The court ordered the petition "be and the same is hereby modified and amended to include allegations of crop damage, refund of costs, interest and attorney's fees because of the alleged failure of defendant's product Eradicane to control shatter cane in fields owned and/or operated by plaintiffs." Defendant asserts that this amendment did not establish plaintiffs were seeking damages within the jurisdictional amount required in diversity cases. Instead, defendant argues that plaintiffs' responses to defendant's interrogatories, received on August 5, 1980, for the first time clearly established plaintiffs' damages exceeded the amount required for diversity jurisdiction. The petition for removal was filed in this court on August 21, 1980, within thirty days of plaintiffs' response to the interrogatories.

■ The second paragraph of 28 U.S.C. § 1446 provides as follows:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The record of the state court is generally considered the sole source from which it may be ascertained whether a case originally not removable has since become removable. 1A Moore's Federal Practice ¶ 0.168 [3.–5] at 488–89. A federal court *sua sponte* must remand any case that it determines was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c). Furthermore, when the propriety of removal is called into question, the party who removed has the burden to prove any controverted material issue to show that removal was proper. 1A Moore's Federal Practice ¶ 0.168[4.–1] at 529.

■ The second paragraph of § 1446(b) allows removal of an action, not initially removable, that "has become removable due to the filing in state court of 'an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir.), *cert. den.* 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974), *reh. den.* 420 U.S. 913, 95 S.Ct. 838, 42 L.Ed.2d 845 (1975). In the view of this court the mere filing of a motion to amend plaintiffs' complaint does not in itself make removable a state court action that otherwise lies outside the perimeters of federal jurisdiction. We recognize that legal authority exists to the contrary. *E.g., Harriman v. Liberian Maritime Corporation*, 204 F.Supp. 205, 206–07 (D.Mass.1962) (time for removal runs from date of defendant's receipt of motion to increase prayer to sum in excess of federal jurisdictional amount). In our opinion, however, when amendment of plaintiff's complaint is given as the basis for removal, the date of service of the amended pleading itself should control to determine removability and to trigger the time within which removal is proper. *Barney's Boats, Inc., et al., v. Johnson Outboards, et al.*, No. 76–237–C2, slip op. at 3 (D.Kan., *unpublished*, April 13, 1977); 1A Moore's Federal Practice ¶ 0.168[3.–5] at 485–86. For the following reasons, we believe this is the only sensible rule to apply when the time within which plaintiff may amend his complaint as of right has expired. First, the mere filing of a motion to amend does not affect the existence or non-existence of federal jurisdiction and cannot make an action removable that was not removable under the original complaint. Second, we decline to designate the date on which the state court grants leave to amend as the event which triggers the thirty-day removal period because such a rule would encourage defendants to seek removal before the filing of an amended complaint to avoid forfeiting their right to remove even though such a complaint might never be filed. This would allow lawsuits with no apparent foundation for the exercise of fed-

eral jurisdiction to be prematurely or "improvidently" removed to federal courts. *Contra, Gibson v. Atlantic Coast Line Railroad,* 299 F.Supp. 268, 269 (S.D.N.Y.1969) (time for removal runs from date defendant is served with court's proposed order allowing amendment of complaint). Finally, the filing of an amended complaint out of time and without leave of the court or consent of the adverse parties as required by K.S.A. 60–215(a) does not affect the existence of federal jurisdiction or the propriety of removal and does not trigger the thirty-day removal period of § 1446(b).

 We find that the motion to amend the petition filed August 16, 1979, did not trigger the thirty-day removal period in this case. We also find that the order entered by the District Court of Finney County on February 13, 1980, amending the petition, did not trigger the thirty-day period because it did not set forth an amount of damages from which defendant could ascertain that the case met the requirements necessary for diversity jurisdiction.

■ Defendant argues that removal was proper because the thirty-day period began to run on August 5, 1980, when plaintiff responded to defendant's interrogatories. The removal petition was filed on August 21, 1980, which is obviously within thirty days of the filing of the responses. Plaintiffs do not dispute that their responses established damages in excess of $10,000.00, and clearly established the monetary requirement for diversity jurisdiction. The Tenth Circuit in *DeBry, et al., v. Transamerica Corporation,* 601 F.2d 480, 486–88 (10th Cir. 1979), reaffirmed the voluntary-involuntary test for determination of whether a case is removable under the second paragraph of § 1446(b). This test requires "a voluntary act of the plaintiff which effects a change rendering a case subject to removal (by defendant) which had not been removable before the change." *Id.* at 487; *O'Bryan,* 496 F.2d at 410. We find plaintiffs' responses to defendant's interrogatories to be a voluntary act that changed the damages claim to an amount exceeding $10,000.00, and thus, for the first

time, established plaintiffs' claim for damages in an amount required for diversity jurisdiction. *Fleming v. Colonial Stores, Inc.,* 279 F.Supp. 933, 934 (N.D.Fla.1968) (in answers to defendant's interrogatories plaintiff first asserted claim in excess of jurisdictional amount of federal court). The petition for removal was promptly filed within thirty days after the receipt of these responses. Plaintiffs, having failed to show that this case was removed improvidently and without jurisdiction pursuant to 28 U.S.C. § 1447(c), are not entitled to remand.

IT IS THEREFORE ORDERED that plaintiffs' motion for remand of this action should be and hereby is overruled.