**UNITED STATES of America, Plaintiff,**

**v.**

**Hobart Dearl McNEIL, et al., Defendant.**

**Civ. A. No. 85–242.**

United States District Court, E.D. Kentucky.

Feb. 20, 1987.

Stuart M. Fischbein, Trial Atty., Tax Div., Washington, D.C., for plaintiff.

Don Ward, Barbourville, Ky., for defendant Corbin Paving Co.

David O. Smith, Corbin, Ky., for defendants Gills R. Smith and Corbin Materials, Inc.

John C. Dixon, Barbourville, Ky., for defendants Jim H. Graden and Joann Graden.

# MEMORANDUM

SILER, Chief Judge.

This case comes before Court on cross motions for summary judgment by the plaintiff United States and the defendant Corbin Paving Corporation ("Corbin Paving"). After reviewing the record, the Court grants plaintiff's motion for summary judgment and denies defendant's motion for summary judgment.

## FACTS

This is a suit by the United States to reduce to judgment certain tax liabilities assessed against defendant Hobart Dearl McNeil and to foreclose its federal tax liens against six tracts of land.

For purposes of the present summary judgment motions, the parties are concerned with four of the tracts, more specifically described in paragraph VIII(1), (2), (3), and (4) of the complaint.

In January 1983, Corbin Paving filed a foreclosure suit in Knox County Circuit Court in Kentucky against several defendants for the sale of the four aforementioned tracts of land to satisfy a note and mortgage dated September 28, 1979. On September 23, 1980, and October 2, 1980, the United States filed notice of its federal tax lien in Knox County. On March 21, 1983, Corbin Paving filed an amended complaint in the state court suit naming, *inter alia*, the United States as one of the additional defendants. The United States Attorney General was served by certified mail with the summons and amended complaint, but the United States Attorney for the Eastern District of Kentucky was not served.

The United States did not answer the summons and complaint and thereafter a judgment and order of sale was entered by the state court determining Corbin Paving to have first and prior liens on the four tracts by virtue of its September 28, 1979 mortgage. The court found that the Corbin Paving lien was subject only to Knox County property taxes against the property and an interest of Jim and Jo Ann Graden in one of the tracts. Pursuant to orders of

sale, the four tracts were subsequently sold.

The parties do not dispute the validity of Corbin Paving's mortgage lien or the United States tax lien on the four tracts of land as of dates the liens were obtained. This case now revolves around the issues of whether the United States *still* retains its tax lien and whether Corbin Paving *still* retains its mortgage lien on the four tracts.

DISCUSSION

The Court finds that the tax lien of the United States still remains on the four tracts.

■ A state court must have jurisdiction over the United States in order to extinguish a federal tax lien by a court ordered sale. The Court finds that in the case at bar, the Knox County Circuit Court, however, did not have jurisdiction over the United States in the state court foreclosure suit.

The doctrine of sovereign immunity applies to prohibit suits against the United States except in those situations where the government consents to be sued. *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 141–142, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972).

Under 28 U.S.C. Section 2410(a), the United States has consented to be sued in foreclosure actions (such as the Knox County Circuit Court action) if certain conditions of Section 2410(b) are met. Section 2410(b) states as follows:

(b) The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or demure within sixty days after such service or such further time as the court may allow.

26 U.S.C. Section 7425(a)(1) provides that if the United States is not joined as a party in a suit under 28 U.S.C. Section 2410(a) or in a judicial sale pursuant to a judgment in a suit under Section 2410 with respect to property upon which the United States claims a tax lien, then such a judgment shall be made "subject to" and "without disturbing" the lien of the United States.

Section 301.7425–1(c)(1) of the Treasury Regulations provides that if the United States is *improperly* named as a party to a judicial proceeding, the effect under 26 U.S.C. 7425(a)(1) is the same as if the United States was not joined.

In the case *sub judice*, the state court suit failed to meet several of the conditions required by Section 2410(b). The United States Attorney for the Eastern District of Kentucky was not served with the summons and amended complaint and the amended complaint does not set out with particularity the nature of the lien of the United States such as the name and address of the taxpayer, the identity of the internal revenue office which filed the tax lien, and the date and place such notice and lien was filed.

Thus, since the state court suit did not meet the conditions in Section 2410(b), the United States was not properly joined in the state court suit and the court did not have jurisdiction over the United States. Therefore, since the United States was not properly joined, under Section 7425(a), the judicial sales of the four tracts were made "subject to" and "without disturbing" the tax lien of the United States. Accordingly,

the tax lien of the United States still remains on the four tracts.

The Court further finds that Corbin Paving no longer has a mortgage lien on the four tracts. Corbin Paving in its response to the United States' motion for summary judgment suggests that if it is adjudged that the United States has a lien against the four tracts, that the tracts be sold, with the proceeds first being used to satisfy the present owners of the tracts, second being used to pay the debt owed Corbin Paving, and third being used to satisfy the tax lien of the United States.

As previously discussed, these tracts have already been sold by orders of the state court and were used to satisfy the mortgage lien of Corbin Paving after paying the Knox County property taxes and satisfying Mr. and Mrs. Graden's interest in one of the tracts. Thus, Corbin Paving's mortgage lien is no longer in existence.

## ORDER

The plaintiff United States of America and the defendant Corbin Paving Corporation having both moved for summary judgment in this case, in accordance with the memorandum of even date, it is hereby

ORDERED AS FOLLOWS:

1. That plaintiff's motion be and is granted, and judgment will be entered on behalf of the plaintiff against defendants Corbin Paving Corporation, Jim H. Graden, Jo Ann Graden, Lloyd Buchanan, Ned Stewart, Ernest King, Gillis Smith and Corbin Materials Company, Inc.

2. That Corbin Paving Company's motion for summary judgment and dismissal be and is denied.

3. That the Court Order of September 25, 1986, be and is vacated and set aside.

4. That the motion by defendants Jo Ann Graden and Jim Graden and Corb Hembree and Drucilla Hembree for judgment on the cross claim against Corbin Paving Corporation be and is denied.