**Kevin D. CHRISTIAN, as Statutory Trustee of Construction Systems, Inc., Plaintiff,**

**Midland Bank of Overland Park, formerly known as College Boulevard National Bank, Interpleader Plaintiff,**

v.

**COLLEGE BOULEVARD NATIONAL BANK, a/k/a Midland Bank of Overland Park, Defendant,**

**Kevin D. Christian, as Statutory Trustee of Construction Systems, Inc., Interpleader Defendant,**

**United States of America, Interpleader Defendant.**

**Civ. A. No. 92–2152–L.**

United States District Court, D. Kansas.

July 14, 1992.

Stephanie G. Hazelton, Swartzman, Thomas, Hazelton, Lauer & Batson, Paul D. Sinclair, Sinclair, Sawyer, Kantack & Thompson, P.C., Kansas City, Mo., for Kevin D. Christian.

James P. O'Hara, Shughart, Thomson & Kilroy, Overland Park, Kan., for Midland Bank of Overland Park.

Douglas H. Frazer, Jay P. Golder, U.S. Dept. of Justice, Office of Special Litigation—Tax Div., Washington, D.C., for U.S.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is currently before the court on the motion of Kevin D. Christian, plaintiff/interpleader defendant, to remand this action to state court (Doc. # 9). The motion is opposed by the United States. For

1. After reviewing the papers submitted by the parties, the court concludes that oral argument would be of no material benefit to the court's consideration of the motion to remand. *See* D.Kan. Rule 206(d). The motion will therefore be determined upon the written memoranda submitted by the parties.

2. Section 2410 provides in pertinent part:
   (a) ... the United States may be named a party in any civil action or suit ... in any State court having jurisdiction of the subject matter—

the reasons set forth below, Christian's motion is denied.[1]

This action was originally filed in the District Court of Johnson County, Kansas, on February 10, 1992, as an interpleader action. Only Christian and College Boulevard National Bank were originally named as parties to that action, however. After the state court ruled that service of process was not properly made upon the United States, an amended motion for interpleader was filed on April 20, 1992. The United States filed a motion to remove the action to this court on April 24, 1992, basing federal jurisdiction on 28 U.S.C. § 2410.[2] Christian now contends that the United States' removal was untimely, necessitating a remand to the state court.

The removal statute at issue mandates that:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt *by the defendant, through service or otherwise,* of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b) (emphasis added). "[W]hen the propriety of removal is called into question, the party who removed has the burden to prove any controverted material issue to show that removal was proper." *Miller v. Stauffer Chemical Co.,* 527 F.Supp. 775, 777 (D.Kan.1981) (O'Conner, C.J.).

Christian argues that the United States' motion to remove was untimely because it was filed more than thirty days after the United States had notice, through receipt

....
(5) of interpleader or in the nature of interpleader ...
(b) ... In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought ... and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States....

of a courtesy copy in February of the initial motion for interpleader filed in state court, of the pendency of an action that implicated the rights of the United States. Christian contends that section 1446(b) should be read to commence the thirty day period when the party seeking removal has actual knowledge of the pendency of the case before the state court. The United States, noting that there is a split among the circuits as to the proper construction of the "or otherwise" language of section 1446, argues that the thirty day period should not begin until the removing party has notice *and* is properly served. This court finds it unnecessary to address this argument to resolve the instant motion.[3]

Read literally, section 1446(b) states that the thirty day period begins to run when *the defendant* receives a copy of an amended pleading. The United States was not a "defendant" to the interpleader action at least until it was named as a party to that action. Thus, the statutory period did not begin to run until that time.

Moreover, there was no federal cause of action, and hence no basis for removal, until the amended motion was filed in state court. It is uncontroverted that the proper service on the United States was not made until April 20, 1992. The United States was not a party to the state court suit until it was properly joined under the requirements of 28 U.S.C. § 2410. *See United States v. McNeil*, 661 F.Supp. 28, 30 (E.D.Ky.1987). There was no federal question presented under section 2410, and the action was therefore not removable, until those requirements were met when the amended motion for interpleader was filed. *See id; Miller*, 527 F.Supp. at 777; *see also DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir.1979) (period for filing removal petition is extended or renewed when plaintiff amends initial pleading to clearly state a federal claim). The United

States filed its motion to remove four days after it was properly made a party and named as a defendant on April 20. The removal at issue was therefore timely.

To adopt the reasoning of Christian would "encourage defendants to seek removal before the filing of an amended complaint to avoid forfeiting their right to remove even though such a complaint might never be filed. This would allow lawsuits with no apparent foundation for the exercise of federal jurisdiction to be prematurely or 'improvidently' removed to federal courts." *Miller*, 527 F.Supp. at 777–78. This court cannot sanction such a result.

It is therefore ordered by the court that the motion of plaintiff/interpleader defendant Christian to remand (Doc. # 9) is denied.

IT IS SO ORDERED.

---

**3.** The cases cited by the parties dealing with the requirement *vel non* of service of process to commence the thirty day removal period are readily distinguishable from the case now at issue. Those decisions all involved situations in which the removing party was a named defendant when it received notice of the pendency of the removable state court proceeding. *See, e.g.,*

*Love v. State Farm Mutual Automobile Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982); *Dawson v. Orkin Exterminating Co.*, 736 F.Supp. 1049 (D.Colo. 1990). That is not the case here. The United States was not even a named defendant to this action when Christian claims that the thirty day period should have begun.