**Melinda M. NEWTON, Plaintiff,**

v.

**COCA–COLA BOTTLING COMPANY CONSOLIDATED, First–In Temporaries, Inc., and Reggie Patton, Individually, Defendants.**

**No. 3:96CV331–MU.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 20, 1997.

Julie H. Fosbinder, Jenny L. Sharpe, Sharpe & Fosbinder, P.A., Charlotte, NC, for Melinda M. Newton.

Carol A. Jeandheur, U.S. Department of Justice, Civil Division, Washington, DC, for U.S.

Robert S. Phifer, Stephen D. Dellinger, Haynsworth, Baldwin, Johnson and Greaves, Charlotte, NC, for Coca–Cola Bottling Co. Consol.

Randall D. Avram, Hunton & Williams, Raleigh, NC, for First–In Temporaries, Inc.

Charles E. Johnson, Eugene H. Matthews, Kilpatrick Stockton L.L.P., Charlotte, NC, for Reggie Patton.

## ORDER

MULLEN, District Judge.

This matter is before the court upon motion of the plaintiff, Melinda M. Newton, to remand this case to the General Court of Justice, Superior Court Division of Mecklenburg County, North Carolina. Plaintiff's complaint alleges that while employed by the defendants Coca–Cola Bottling Company Consolidated ("Coca–Cola") and First–In Temporaries, Inc.,[1] her immediate supervisor, Reggie Patton, sexually assaulted her and subjected her to acts of *quid pro quo* and hostile environment sexual harassment. She further alleges that the corporate defendants unlawfully terminated her employment in retaliation for reporting and complaining about the unlawful acts of their agent. Plaintiff's complaint asserts claims against the corporate defendants for violation of North Carolina public policy and Title VII of the 1964 Civil Rights Act, as amended, and asserts a claim of intentional infliction of emotional distress against all defendants. In addition, she asserts claims for assault and for violation of the Violence Against Women Act ("VAWA"), codified at 42 U.S.C. § 13981, *et seq.*,[2] against defendant Patton alone.

On August 14, 1996, the corporate defendants timely filed a Notice of Removal[3] with this court pursuant to 28 U.S.C. § 1441(a) and (b),[4] as plaintiff's Title VII claim arises under federal law and is therefore a cause of action in which this court has original jurisdiction pursuant to 28 U.S.C. § 1331. Sup-

---

**1.** The plaintiff has now settled her claims against defendant First–In Temporaries.

**2.** Title 42, United States Code section 13981(c) provides that:

> A person ... who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) of this section shall be liable to the party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and such other relief as a court may deem appropriate.

42 U.S.C.A. § 13981(c) (1995).

**3.** At the time the corporate defendants filed the Notice of Removal, defendant Patton had not yet been served with process.

**4.** Section 1441(a) and (b) provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending ...
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441(a) & (b) (1994).

plemental jurisdiction under 28 U.S.C. § 1367 [5] was asserted as to all remaining claims, including the VAWA claim. Plaintiff has filed this motion to remand the entire action, asserting that under 28 U.S.C. § 1445(d),[6] the VAWA claim is not removable.

Citing *Cedillo v. Valcar Enters. & Darling Delaware Co., Inc.*, 773 F.Supp. 932 (N.D.Tex.1991), defendants contend that § 1367 overrides the prohibition against removal of a VAWA claim found in § 1445(d) and that the court may properly assume jurisdiction over the entire action. In *Cedillo*, the district court refused to remand an action containing a claim arising under the Texas worker's compensation statutes, even though such a claim is made non-removable by 28 U.S.C. § 1445(c). The court reasoned that although the claim was ordinarily nonremovable, it was subject to the court's supplemental jurisdiction and was therefore properly removed due the fact that it was closely related to a properly removed federal claim. However, this court finds it unnecessary to address the specific issue of whether § 1367 overrides § 1445(d), as § 1441(c) provides an independent basis for removal. The court notes that although defendants' Notice of Removal does not cite § 1441(c),[7] the court nevertheless may consider this section as a proper basis for removal. *See Wormley v. S. Pac. Transp. Co.*, 863 F.Supp. 382, 385 (E.D.Tex.1994).

■ Section 1441(c) addresses removability of actions whenever a removable federal claim and non-removable claim are joined. It provides that:

[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(c) (1994).

The court recognizes that there is a split of authority on whether § 1441(c) applies to statutorily non-removable claims, such as a VAWA claim. The Fifth Circuit, in *Gamble v. Central of Georgia Railway* Co., 486 F.2d 781 (5th Cir.1973), held that removal of a FELA suit under § 1441(c) was improper, as Congress patently intended that FELA suits not be removed pursuant to § 1445(a). However, *Gamble's* authority has been thrown into doubt by *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir.1987) (*en banc*), which overruled *Gamble* to the extent that it construed § 1445(a) as a limitation on the court's subject matter jurisdiction. One district court in the Fourth Circuit has followed *Gamble*. See *Green v. Hajoca*, 573 F.Supp. 1120 (E.D.Va.1983). Other courts, including the Second and Ninth Circuits, as well as a more recent district court in the Fourth Circuit, have held that § 1441(c) does apply to claims made non-removable by statute. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir.1988); *Gonsalves v. Amoco Shipping Co.*, 733 F.2d 1020 (2d Cir.1984); *Palser v. Burlington Northern R.R. Co.*, 698 F.Supp. 793 (E.D.Mo.1988); *Titus v. Reynolds Metals Co.*, 637 F.Supp. 369 (D.Md.1986); *Samczyk v. Chesapeake & Ohio Ry. Co.*, 643 F.Supp. 79 (E.D.Mich.1986); *Howard v. Transworld Drilling Co.*, 592 F.Supp. 1305 (W.D.La.1984); *Hages v. Aliquippa & Southern Railroad Co.*, 427 F.Supp. 889 (W.D.Pa. 1977); *U.S. Industries, Inc. v. Gregg*, 348

---

**5.** Section 1367(a) provides that:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a) (1993).

**6.** Section 1445(d) of Title 28 provides that "[a] civil action in any State court arising under section 40302 of the Violence Against Women Act of 1994 may not be removed to any district court of the United States." 28 U.S.C.A. § 1445(d) (West Supp.1996).

**7.** The parties have, however, discussed this section as a basis for removal in their briefs.

F.Supp. 1004 (D.Del.1972), *rev'd on other grounds*, 540 F.2d 142 (3d Cir.1976), *cert. denied*, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977). It appears to the court that these cases are the better reasoned and more persuasive. Unlike § 1441(a), which contains an exception to removability where "expressly provided by Act of Congress" that would clearly apply to statutes such as § 1445(d), § 1441(c) contains no such restriction. *Gonsalves*, 733 F.2d at 1022. Furthermore, nothing in the language of § 1441(c) suggests that Congress intended to distinguish between those claims that are non-removable because they are outside the original jurisdiction of the federal district courts and those claims that are made non-removable by statute. *Id.* at 1023. Thus, this court finds that § 1441(c) applies to statutorily non-removable claims such as VAWA claims.

Given that § 1441(c) provides a proper basis for removal of this case, the question then becomes whether plaintiff's Title VII claim is "separate and independent" from her VAWA claim, thus allowing for removal of the entire action. In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court set out a description of what constitutes a separate and independent claim. The Court held that "where there is a single wrong to the plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Finn*, 341 U.S. at 14, 71 S.Ct. at 540. Moore's Federal Practice describes separate and independent claims as follows:

> [W]here a single plaintiff, because of a common question of law or fact, joins in the same complaint multiple claims against several defendants who have individually acted in such a manner that each has invaded a separate right of the plaintiff and thereby caused as many wrongs, such claims are separate and independent for removal proposes.

1A James WM. Moore *et al.*, *Moore's Federal Practice* ¶ 0.163[2], p. 316.1 (2d ed.1996).

Applying the *Finn* analysis to the present case, plaintiff urges that her complaint seeks compensation for a single wrong—losses caused by gender-based discrimination, and that this wrong arises from the same facts or series of interlocked transactions. In the alternative, the plaintiff argues that should the court determine that her complaint seeks compensation for more than one wrong, that the court should nevertheless find no separate and independent claim, as the wrongs arise from the same facts or series of interlocked transactions, citing *New England Concrete Pipe Corp. v. D/C Sys. of New England, Inc.*, 658 F.2d 867 (1st Cir.1981). In *New England Concrete Pipe*, the First Circuit held that even though an action "implicates more than one wrong, it may nevertheless fail to contain any separate and independent claims." *New England Concrete Pipe*, 658 F.2d at 874 n. 12.

Despite the plaintiff's argument to the contrary, it appears to the court that her Title VII claim and her VAWA claim clearly involve two separate wrongs, one wrong being the corporate defendants' alleged act of retaliating against the plaintiff by ending her employment and the other wrong being defendant Patton's alleged act of committing criminal violence against her. These claims involve distinct acts by different defendants. Moreover, the independent nature of these alleged wrongs is further highlighted by the fact that neither claim is contingent upon the other. It is entirely possible for the plaintiff to establish that Patton committed gender-based violent acts against her in violation of the VAWA, yet still lose her retaliation claim against Coca–Cola. By the same analysis, the trier of fact could conclude that Patton never assaulted the plaintiff as she claims, yet still find that Coca–Cola retaliated against her for complaining about the Title VII issue. The proof, defenses, and even the parties in each claim are completely different. In short, Plaintiff's VAWA claim and Title VII claim fit squarely within the *Finn* description of separate and independent claims. Even under the more expansive *New England Concrete Pipe* analysis, plaintiff's Title VII claim and her VAWA claim cannot be said to arise from the same facts or series of interlocked transactions. Accordingly, removal of the entire case pursuant to § 1441(c) is proper.

IT IS THEREFORE ORDERED that plaintiff's motion to remand is hereby DENIED.