Brandy FINLEY, Plaintiff,

v.

The HIGBEE COMPANY, d/b/a/ Dillard's Department Stores, et al., Defendants.

No. 1:97 CV 2809.

United States District Court, N.D. Ohio, Eastern Division.

Nov. 4, 1997.

Mark P. Herron, Cleveland, OH, for Plaintiff.

John B. Lewis, Arter & Hadden, Cleveland, OH, for Defendants.

### *Memorandum of Opinion and Order*

GAUGHAN, District Judge.

### Background Facts

Plaintiff Brandy Finley filed the original complaint in this action against her former employer "[t]he Higbee Company d/b/a Dillard's Department Store" (hereinafter referred to as "Dillard's") and former supervisor Kathy Marsh on June 23, 1997 in the Cuyahoga County Court of Common Pleas. The original complaint alleged claims of a hostile work environment and constructive discharge under Ohio Rev.Code § 4112.02(A), assault and battery and a claim under the Violence Against Women Act, 42 U.S.C. § 13981. The complaint alleged that plaintiff was an Ohio resident and that Dillard's was an Arkansas corporation having its principal place of business in Arkansas. The complaint did not allege the residency of Marsh. Marsh was never properly served with a copy of the original complaint.

Dillard's answered plaintiff's complaint on August 4, 1997. On September 5, 1997, plaintiff moved for leave to file an amended complaint alleging an additional claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* The Common Pleas Court granted the motion for leave to amend on October 10, 1997. Plaintiff filed and served her amended complaint on October 23, 1997.

On November 4, 1997, Dillard's and Marsh filed a notice removing the action to federal court. Defendants' stated basis for removal was that plaintiff's amended complaint al-

leged a claim under Title VII and, therefore, her action arose under the Constitution and laws of the United States. Plaintiff has moved to remand. (Doc. 5.) For the reasons stated below, the motion is denied.

### Analysis

The sole basis for plaintiff's motion to remand is that defendants did not timely file their notice of removal.[1] Title 28 section 1446(b) of the United States Codes states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more that 1 year after commencement of the action.

"[F]ailure to comply with the thirty day limitation to file a petition for removal is an absolute bar [to removal] regardless of whether the removal would have been proper if timely filed." *Sanborn Plastics v. St. Paul Fire and Marine Ins. Co.*, 753 F.Supp. 660, 664 (N.D.Ohio 1990).

Plaintiff contends that her original complaint was removable on the basis of diversity. She asserts that "[t]he original complaint clearly pleaded that the plaintiff and Dillard's are citizens of different states, and the amount in controversy ... exceeds $75,-000.00." (Pltf.Br. at 4.) She asserts, therefore, that Dillard's was "on notice of the presence of diversity of citizenship jurisdiction in this action immediately upon receipt of service of the summons and complaint" and should have removed the action within 30 days thereafter. (*Id.* at 2.) Although plaintiff acknowledges that Marsh is an Ohio resident, she argues that the presence of Marsh as a defendant in the action did "not destroy diversity" because "[t]his Court has supplemental jurisdiction over the state-law claims against Marsh pursuant to 28 U.S.C. § 1367(a)." (Pltf.Br. at 4, n. 2.)

In addition, plaintiff argues:

Even if diversity jurisdiction did not exist as of the filing of the complaint, the notice of removal was still not timely. As defendants correctly note in their Notice of Removal, plaintiff filed with the Court of Common Pleas on September 5, 1997, a motion for leave to amend her complaint to include the claims for relief under Title VII of the Civil Rights Act of 1964....

(*Id.* at 2.) Therefore, plaintiff contends, "receipt of service of [her motion to amend] in and of itself triggered the time period for defendants to seek removal of this case to this court," and defendants did not file their notice of removal within 30 days of their receipt of this motion. (*Id.*)[2]

Defendants dispute that their notice was not timely filed. First, defendants dispute that the original complaint was removable on the basis of diversity. They assert that "courts have repeatedly held that the presence of a citizen of the forum state as a defendant will prevent removal on the basis of diversity, even if that defendant has not been served." (Opp. at 2, *citing Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Pecherski v. General Motors*, 636 F.2d 1156, 1160 (8th Cir.1981);

---

1. The parties are in agreement that the original action was not removable on the basis of the presence of plaintiff's claim under the Violence Against Women Act. Section 1441(d) of Title 28 states: "A civil action in any State court arising under section 40302 of the Violence Against Women Act of 1994 may not be removed to any district court of the United States."

2. Plaintiff states that although she is not sure when defendants actually received her notice for leave to file her amended complaint, "it is entirely reasonable to assume that no more than a day or two [from the date the notice was filed] elapsed." (*Id.*)

*Burke v. Humana Ins. Co.*, 932 F.Supp. 274 (N.D.Ala.1996).) Defendants also dispute plaintiff's argument that the naming of Marsh did not destroy diversity on the basis of 28 U.S.C. § 1367(a). (Def.Br. at 3, n. 2.) Finally, defendants contend that the Higbee Company destroys diversity because it "is an Ohio corporation with its principal place of business in Ohio." (Def.Opp. at 3.)

· Plaintiff does not take issue with defendants' authority that courts must consider the citizenship of defendants who have not been served with process for purposes of assessing diversity jurisdiction. However, plaintiff persists in her argument that 28 U.S.C. § 1367 authorized the federal court to exercise diversity jurisdiction over her original complaint. (Pltf.Rep. at 4–5.) Her argument is that although her claim under the Violence Against Women Act "would not have been removable if brought separately in state court, 28 U.S.C. § 1445(d), it was removable in this case pursuant to 28 U.S.C. § 1441(c)[3] because it was joined with other removable claims (the diversity claims against defendant The Higbee Company)," (Pltf.Rep. at 3, citing *Newton v. Coca–Cola Bottling Company Consolidated*, 958 F.Supp. 248 (W.D.N.C.1997)), and 28 U.S.C. § 1367 authorizes removal of her claims against Marsh. (*Id.* at 4–5.) Plaintiff also disputes defendants' assertion that the Higbee Company is an Ohio corporation having its principal place of business in Ohio. (*Id.* at 3.)[4]

The Court rejects plaintiff's assertion that the original complaint was removable on the basis of diversity on the ground that Marsh, an Ohio resident, was named as a defendant. Defendants are correct that case law supports the proposition that the failure to serve a defendant who would defeat diversity "does not permit a court to ignore that defendant in determining the propriety of removal." Def.Br. at 2–3, *citing Pecherski v. General Motors*, 636 F.2d 1156, 1160 (8th Cir.1981). *See also Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939) ("the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant"). In addition, plaintiff has cited no authority, and the Court has found none, which supports plaintiff's contention that removal of the action would be proper by virtue of 28 U.S.C. § 1367(a). Section 1367 provides that a district court may exercise supplemental jurisdiction over all claims that are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). That statute, by its terms, does not authorize a district court to exercise diversity jurisdiction over an action to which a non-diverse defendant has been named. Furthermore, courts that have considered the issue have rejected plaintiff's position that the supplemental jurisdiction statute provides a basis for a federal court to exercise diversity jurisdiction over an action in the absence of complete diversity even when the plaintiff's claims against the non-diverse defendant form part of the same case of controversy as the case arising against diverse defendants. *Parker v. Crete Carrier Corp.*, 914 F.Supp. 156 (E.D.Ky.1996); *Ware v. Jolly Roger Rides, Inc.*, 857 F.Supp. 462 (D.Md.1994).

It is fundamental law that in order for diversity jurisdiction to exist, there must be *complete* diversity between all plaintiffs and all defendants. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The citizenship of the plaintiff is not diverse from the citizenship of Marsh. Further, 28 U.S.C. § 1367 does not authorize a federal court to exercise diversity jurisdiction where complete diversi-

---

3. Section 1441(c) states:

"Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

4. In a sur-reply, defendants admit that they mistakenly stated that the Higbee Company is an Ohio corporation and acknowledge that it is in fact a Delaware corporation. They continue to maintain, however, that the Higbee Company has its principal place of business in Ohio. (Sur-rep. at 1.) Plaintiff responds that defendants have not submitted sufficient evidence to demonstrate that Dillard's has its principal place of business here. (Pltf.Res. to Sur–Rep. at 2–4.)

ty is lacking. Therefore, the Court finds that the original complaint to which March was named as a defendant could not have been removed on the basis of diversity.[5]

This leaves the question of whether defendants timely removed the amended complaint, which the parties do not dispute arises under federal law by virtue of the fact that it asserts a claim against the defendants under Title VII. As set forth above, the removal statute, 28 U.S.C. § 1441(b), states that when the initial pleading is not removable, the notice of removal "may be filed within thirty days after *receipt by the defendant,* through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added.) In *Webster v. Sunnyside Corporation,* 836 F.Supp. 629 (S.D.Iowa 1993), the district court for the Southern District of Iowa remanded an action to state court where the defendants failed to remove the action within 30 days from the time they were served with a motion by the plaintiff to amend her complaint to assert a federal claim. The Court found that the "clear language" of 28 U.S.C. § 1446(b) indicated that the 30 day removal period commenced to run from the time "defendants first received the motion to amend" because "[t]hat motion ... put defendants on notice ... that the case was removable." *Id.*

However, as defendants point out, *Webster* represents the minority position. The majority of courts have held that the time for removal under 28 U.S.C. § 1441(b) begins to run not from the time a plaintiff files a motion to amend her complaint, but from the time the motion to amend the complaint is actually granted. As the court in *Crump v. Wal–Mart Group Health Plan,* 925 F.Supp. 1214, 1217 (W.D.Ky.1996) explained, the reason for the majority rule is that

> without adjudication of the motion [to amend], the state court could ultimately deny the motion notwithstanding a prior removal to the federal forum. Thus, the parties would inundate the federal system

with cases over which it technically had no jurisdiction. Only after the state court grants the motion can it "be ascertained [by the defendant] that the case is one which is or has become removable."

Some courts have gone even further and stated that the time for removal does not begin to run from the date the state court grants the motion to amend, but instead runs from the date the amended complaint is filed and served. *See Miller v. Stauffer Chemical Co.,* 527 F.Supp. 775, 777–78 (D.Kan.1981) ("We decline to designate the date on which the state court grants leave to amend as the event which triggers the thirty-day removal period because such a rule would encourage defendants to seek removal before the filing of an amended complaint to avoid forfeiting their right to remove even though such a complaint might never be filed. This would allow lawsuits with no apparent foundation for the exercise of federal jurisdiction to be prematurely or 'improvidently removed to federal courts ....' ")

▉▉ The Sixth Circuit has not addressed the issue of whether the time for removal runs from the filing of a motion for leave to amend, from the time the motion is actually ruled upon by the state court or from the time the amended complaint is filed and served. This Court agrees with the majority position that the 30 day time period for removing a case to federal court does not begin to run from the date on which a motion to amend is merely filed. This Court, moreover, is inclined to agree with the courts that have held that the time for removal does not begin to run until the amended complaint is actually filed and served. *See Miller v. Stauffer,* 527 F.Supp. 775. However, as defendants filed their notice of removal in this case within 30 days from both the date on which the Common Pleas Court granted plaintiff's motion to amend her complaint (on October 10, 1997) and the date on which plaintiff actually filed and served her amended pleading (on October 23, 1997), defendant's notice of removal was timely, and it is not necessary for the Court to determine

---

**5.** Because the Court has concluded that Marsh is not diverse therefore destroying diversity over the original action, it is not necessary for the

Court to address the parties' competing contentions as to whether Dillard's/Higbee is diverse.

whether the 30 day period for removal begins to run from the date of the state court's ruling or from the date the amended pleading is filed and served.

## Conclusion

■ For the reasons set forth above, plaintiff's motion to remand on the ground that removal was untimely is denied. (Doc. 5.) [6]

IT IS SO ORDERED.

---

**6.** In a footnote in her motion, plaintiff states that she thinks this action is also not removable on the basis of the presence of her claim under the Violence Against Women Act. (Pltf.Br. at 1, n. 1.) She states that she did not include this argument as a basis for her motion to remand in light of her belief that defendants did not timely remove. She asks that the Court, however, grant her leave "to address the nonremovability issue" of claims under the VAWA "in depth" if the Court determines that defendants did timely remove the action.

The Court denies plaintiff's request for leave to address this issue. Plaintiff had the opportunity to present this argument in her motion to remand but did not. In addition, the Court has located no authority which would support plaintiff's suggestion that the presence of a claim under the VAWA renders an action completely non-removable, even when it is asserted along with another removable claim. Indeed, as plaintiff herself argues, the court in *Newton v. Coca–Cola Bottling Company Consolidated,* 958 F.Supp. 248 (W.D.N.C.1997), held that claims under the VAWA are removable under 28 U.S.C. § 1441(c) where, as here, they are joined with removable federal claims under Title VII. This Court has located no authority contradicting this holding in *Newton.* Furthermore, this Court finds this holding consistent with the language of 28 U.S.C. § 1441(c). Therefore, the Court rejects plaintiff's contention that the presence of her claim under the Violence Against Women Act renders her action completely non-removable despite the presence of her federal removable claim under Title VII.