Georgia DOUKLIAS, Plaintiff,

v.

TEACHER'S INSURANCE AND ANNUITY ASSOCIATION, Defendant.

No. 98–2013 DV.

United States District Court, W.D. Tennessee, Western Division.

Jan. 21, 1999.

Loys A. Jordan, Memphis, TN, Tommy L. Fullen, Memphis, TN, for plaintiff.

James W. Surprise, Memphis, TN, for defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND REMANDING CASE TO STATE COURT

DONALD, District Judge.

Before the Court is the Plaintiff, Georgia Douklias's, Motion for Default Judgment and Sanctions for Defendant's Failure to Comply to Order of Court. This motion was referred to United States Magistrate Judge Diane Vescovo for a Report and Recommendation.

On December 16, 1998, a Report and Recommendation was filed by the Magistrate Judge recommending that this case be remanded to state court because of lack of subject matter jurisdiction. No objections or exceptions to this report have been filed.

The Court has reviewed the Magistrate Judge's report. Based on a *de novo* review of the record before the Magistrate Judge, the Court hereby adopts the Magistrate Judge's Report and Recommendation. The case is hereby is hereby remanded to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

VESCOVO, United States Magistrate Judge.

Plaintiff, Georgia Douklias, brought this diversity action for breach of a disability insurance contract against the defendant, Teacher's Insurance and Annuity Association. On October 27, 1998, plaintiff filed a Motion for Default Judgment and Sanctions for Defendant's Failure to Comply to Order of Court ("Motion for Default Judgment"). That motion is presently before the court upon referral by United States District Judge Bernice Donald for a report and recommendation by the United States Magistrate Judge. For the reasons stated below, it is recommended that this court enter an order remanding this case to state court because of lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an employee of the University of Tennessee, filed suit on November 17, 1998, in a Tennessee state court asserting that Teacher's Insurance had breached a disability insurance contract entered into by the parties. Plaintiff's complaint prayed "that a judgment be entered against the Defendant in the amount not to exceed $750.00." On December 30, 1997, plaintiff filed a motion to amend the ad damnum clause of her complaint to request judgment not to exceed $750,000.00. Subsequently, on January 7, 1998, Teacher's Insurance filed a Notice of Removal in the United States District Court for the Western District of Tennessee, Western Division alleging that the federal court could remove the case to federal court under its diversity jurisdiction. Defendant's notice of removal was filed prior to any state court ruling on plaintiff's motion to amend and prior to the filing of any amended complaint by the plaintiff in state court.

After removal to the federal court, plaintiff filed a second motion for leave to amend her complaint. Plaintiff sought leave to amend the ad damnum clause of her original complaint so as to request judgment against the defendant for an amount not to exceed $500,000.00. Plaintiff's motion was granted by Judge Donald on April 9, 1998, but plaintiff did not file the amended complaint until eight months later on December 3, 1998. In the interim, defendant filed an answer to plaintiff's complaint on January 12, 1998 and submitted its initial disclosures pursuant to Rule 26(a)(1) on February 18, 1998. However, defendant refused to respond to plaintiff's subsequent discovery requests causing plaintiff to file a motion to compel on September 21, 1998. The motion to compel was referred to this court on September 22, 1998, for determination, and an order granting the motion was entered on October 15, 1998.[1]

Under the terms of this court's October 15 order, the defendant had ten (10) days to respond to plaintiff's discovery requests. On October 27, 1998, plaintiff filed the present motion for default judgment in which she alleged that the defendant failed to comply with the court's order. Plaintiff's motion seeks entry of a default judgment, not on the basis of a failure to defend this action, but as a sanction to be assessed for defendant's willful failure to comply with a court order. Because the court finds that defendant's notice of removal was premature and necessitates remand to the Tennessee state court, the merits of plaintiff's Motion for Default Judgment will not be addressed herein.

## II. ANALYSIS

Jurisdiction is the *sine qua non* of all judicial power. Absent jurisdiction, a court cannot declare, determine, or affect the rights of parties who are gathered before it. Jurisdiction comes in two forms: jurisdiction over the person and jurisdiction over the subject matter.

 Although a court must acquire personal jurisdiction in order to adjudicate the rights of parties before it, in some instances the very actions of the parties create personal jurisdiction where it otherwise would not exist. Parties can confer personal jurisdiction upon the court explicitly, by consent, or implicitly by failing to properly object that the court lacks personal jurisdiction. *See generally, Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). In contrast, subject matter jurisdiction cannot be conferred upon the court by the parties, can never be waived, and can be raised at any stage of the proceedings. Furthermore, the court may raise the issue of subject matter jurisdiction *sua sponte*. *See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

There are two statutorily prescribed bases of federal subject matter jurisdiction: federal question jurisdiction, *see* 28 U.S.C. § 1331, which is not present in the case before the court, and diversity jurisdiction, *see* 28 U.S.C. § 1332. In order to establish diversity jurisdiction there must be complete diversity between or among the parties to the case and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

If a case could be brought originally in federal court pursuant to the court's diversity jurisdiction then that case can be removed from state court to federal court. *See* 28 U.S.C. § 1446(b). In this instance, although plaintiff, a Tennessee resident, and defendant, a New York corporation, are of diverse citizenship, plaintiff's original state court complaint did not allege a sufficient amount in controversy to trigger diversity jurisdiction. Thus, the only justification for allowing removal in this case would be if plaintiff's motion to amend its complaint to allege damages not to exceed $750,000.00 filed in state court satisfied the requisite amount in controversy for diversity jurisdiction.

The federal removal statute declares in pertinent part that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of

---

1. Defendant failed to enter a response to plaintiff's motion to compel and its failure to respond

to the motion provided the grounds for granting plaintiff's motion.

a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b). Thus, this action was properly removed to federal court only if plaintiff's motion to amend its complaint constituted "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

■ The question then is whether the 30 day period for filing a notice of removal of an action, as set forth in 28 U.S.C. § 1446(b), begins to run upon the receipt of a motion to amend the complaint, an order granting the motion to amend, or upon the actual filing of the amended complaint.

The majority of courts have taken the position that the 30 day period commences upon either the granting of the motion to amend or the actual filing of the amended complaint. *See, e.g., Sullivan v. Conway,* 157 F.3d 1092, 1094 (7th Cir.1998) (finding 30 day period commences upon granting of the motion to amend); *Finley v. Higbee Company,* 1 F.Supp.2d 701, 704 (N.D.Ohio 1997) (holding that the time for removal does not commence until actual filing and serving of the amended complaint); *Booth Theatre Found. v. McKiernan,* No. 94–1039–PFK, 1994 WL 114305, at *3 (D.Kan. March 11, 1994) (finding 30 day period commences upon the actual date of filing of the amended complaint); *Hibbs v. Consolidation Coal Co.,* 842 F.Supp. 215, 217 (N.D.W.Va.1994) (finding 30 day period commences upon granting of leave to amend). Under the majority view, the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise unremovable case removable. *See Booth Theatre,* 1994 WL at *3. At the very least, the motion first must be granted. The courts taking an even stricter stance and holding that the amended complaint must actually be filed for removal to become proper, emphasize the possibility that even if leave is granted a party may never actually amend his complaint and thus the case might never become removable. "Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand." *Booth Theatre,* 1994 WL 114305, at *1 (citing *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).

In the present case, at the time defendant's notice of removal was filed, plaintiff's state court lawsuit sought damages not to exceed $750.00. Although it was clear from plaintiff's motion to amend that this case might at some point become removable, this case had not yet become removable and defendant's notice of removal was premature because the possibility remained that the motion might not be granted. *See, e.g., Schoonover v. West Am. Ins. Co.,* 665 F.Supp. 511 (S.D.Miss.1987) (stating that because the state court retained discretion to deny leave to amend the case had not become removable).

A different result would result in situations in which the plaintiff has the ability to amend as a matter of right because then there is no contingency that the court would prevent amendment. In such an instance, the plaintiff need only file the amended complaint and any asserted jurisdictional amount would control whether the case could be removed. *See generally Crosby v. America Online, Inc.,* 967 F.Supp. 257, 264 (N.D.Ohio1997) ("The general rule is that the amount-in-controversy is determined based on the plaintiff's viewpoint as reflected in her prayer for relief.") Because the defendant had not yet filed a responsive pleading at the time plaintiff filed her motion to amend her complaint, plaintiff could have amended her complaint as a matter of right in Tennessee state court. *See* Tenn.R.Civ.P. 15.01. Instead, she filed a motion to amend her complaint. Under Tennessee law, "[w]hen a party seeks leave to amend, he waives the absolute right, granted by Tenn. R.Civ.P. 15, to amend." *Gribble v. Buckner,* 730 S.W.2d 630, 633 (Tenn.Ct.App.1986). Therefore, the state court was required to enter an order before the complaint could be amended which it did not do. Because no amendment was ever ordered or filed, the defendant's notice of removal was untimely.

■ Finally, it should be noted that the court's lack of subject matter jurisdiction was

not remedied by the district court's grant of leave for plaintiff to amend her original complaint and the filing of an amended complaint by the plaintiff on December 3, 1998. A federal court cannot cure an improper removal by allowing a plaintiff to amend her complaint in federal court so as to satisfy the jurisdictional amount in controversy. *See Hicks v. Universal Housing, Inc.,* 792 F.Supp. 482, 484 (S.D.W.Va.1992) ("If the court lacks jurisdiction over an improvidently removed case, how can it legitimately assume jurisdiction to consider an amendment which would create the very jurisdiction the court lacks? Any rule so allowing would render the concept of jurisdiction a mutable chameleon which the court could transform at will to fit circumstances.").

### III. CONCLUSION

Because this court is without subject matter jurisdiction in this case, no further proceedings in federal court in this matter are proper, and it is recommended that this case be remanded to state court.

December 16, 1998.