**Randy R. OWINGS, Sr., Plaintiff,**

v.

**DEERE AND COMPANY, d/b/a/ John Deere Ottumwa Works, and Ottumwa Regional Health Center, Defendants.**

No. 4:06 CV 00348.

United States District Court,
S.D. Iowa,
Central Division.

Aug. 1, 2006.

---

**1012**

Sherinian, Sherinian & Walker PC, West Des Moines, IA, for Randy R. Owings, Sr., Plaintiff.

Frank B. Harty, Nyemaster Goode West Hansell & O'Brien, PC, Debra Lynne Hulett, Nyemaster Goode West Hansell & O'Brien, PC, Des Moines, IA, for Deere & Company, Defendant.

Kevin J. Driscoll, Finley Alt Smith Scharnberg Craig Hilmes & Gaffney, PC, Des Moines, for Ottumwa Regional Health Center, Defendant.

## PRE–SCREENING ORDER

PRATT, Chief Judge.

■ Before the Court is a Notice of Removal, filed by Defendant Deere and Company.[1] *See* Clerk's No. 1. As with every case filed, this Court must assure itself that it has subject matter jurisdiction. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis,* 893 F.2d 968, 969 (8th Cir.1990).

Plaintiff filed a Petition in the above-captioned action in the Iowa District Court in and for Wapello County, Iowa, on April 18, 2006. *See* Clerk's No. 1.4 (Ex. B). In his Petition, Plaintiff asserted a claim for disability discrimination against Defendants, pursuant to the Iowa Civil Rights Act ("ICRA"), Iowa Code § 216.15(8). Defendant Deere and Company filed an Answer to Plaintiff's Petition on May 12, 2006. *See* Clerk's No. 1.5 (Ex. C). Defendant Ottumwa Regional Health Center filed an Answer on May 26, 2006. *See* Clerk's No. 1.6 (Ex. D). On July 19, 2006, Plaintiff filed an "Application for Leave to Amend Petition," seeking to add a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and a copy of the proposed Amended Petition.

---

Robert Eugene Breckenridge, II, Breckenridge & Duker PC, Ottumwa, Mark D.

1. Deere and Company represents in the Notice of Removal that co-Defendant Ottumwa Regional Health Center consents to the removal.

*See* Clerk's Nos. 1.10 & 1.11 (Exs. H & I). The state court never ruled on the Application for Leave to Amend the Petition, but Deere and Company nonetheless removed the action on July 25, 2006.

■ Under 28 U.S.C. § 1441(a), a civil action brought in state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Motion Control Corp. v. SICK, Inc.,* 354 F.3d 702, 705 (8th Cir. 2003). A case that is not removable when it is initially filed may be removed to federal court at a later date if the case becomes removable. *See* 28 U.S.C. § 1446(b). The issue before the Court is whether Plaintiff's Motion to Amend his petition makes the case removable, even though the state court has not yet ruled on the motion. Notably, the question is not whether the amended petition might confer federal jurisdiction if it is granted, as it clearly would, but rather whether the Motion to Amend triggers federal jurisdiction on its own. This question is governed by 28 U.S.C. § 1446(b), which states in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). Thus, the resolution of the issue before the Court turns on whether Plaintiff's Motion to Amend is a motion "from which it may first be ascertained that the case is one which is or has become removable" within the meaning of the statute.

The majority of courts that have considered the effect of a motion to amend a petition filed in state court have concluded that such a motion does not commence the thirty-day deadline for filing a notice of removal in federal court. *See e.g., Sullivan v. Conway,* 157 F.3d 1092, 1094 (7th Cir.1998); *Douklias v. Teacher's Ins. and Annuity Ass'n,* 35 F.Supp.2d 612, 615 (W.D.Tenn.1999); *Finley v. Higbee Co.,* 1 F.Supp.2d 701, 704 (N.D.Ohio 1997); *Crump v. Wal–Mart Group Health Plan,* 925 F.Supp. 1214, 1219 (W.D.Ky.1996); *Hibbs v. Consolidation Coal Co.,* 842 F.Supp. 215, 217 (N.D.W.Va.1994); *Schoonover v. W. Am. Ins. Co.,* 665 F.Supp. 511, 514 (S.D.Miss.1987). A number of courts have observed that remand is particularly appropriate when the state court retains discretion to deny the petition to amend. *See May v. J.D. Candler Roofing Co.,* No. 04–cv–74690, 2005 WL 1349110, *4 (E.D.Mich. May 12, 2005) (observing majority rule that motion to amend does not trigger thirty-day deadline when there is no ability to amend as a matter of right); *Douklias,* 35 F.Supp.2d at 615; *Schoonover,* 665 F.Supp. at 514; *Hamilton,* 607 F.Supp. at 1373; *Gibson v. Atlantic Coast Line R.R. Co.,* 299 F.Supp. 268, 269 (S.D.N.Y.1969). Some courts have required that the amended complaint must actually be filed before the case may be removed; others require only that the motion to amend first be granted. *See Douklias,* 35 F.Supp.2d at 612.

■ Some courts have held that the thirty-day deadline for filing a notice of removal begins to run on the date when the defendants received the plaintiffs' motion to amend the original petition. *See e.g., Neal v. Trugreen Ltd. P'ship,* 886 F.Supp. 527, 528 (D.Md.1995); *Morrison v. Nat. Benefit Life Ins. Co.,* 889 F.Supp. 945, 948 (S.D.Miss.1995); *Baker v. Nat. Boulevard Bank of Chicago,* 399 F.Supp.

1021, 1022–23 (N.D.Ill.1975); *Harriman v. Liberian Mar. Corp.*, 204 F.Supp. 205, 206 (D.Mass.1962). This Court, however, finds that the majority rule is the most appropriate rule in light of the limited jurisdiction of the federal courts. As the Eighth Circuit has noted: "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir.1998) (citations omitted). If a court is in doubt about whether removal is appropriate, the case should be remanded to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993); *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."); *see also Webster v. Sunnyside Corp.*, 836 F.Supp. 629, 631 (S.D.Iowa 1993) (reaching a different result based on similar principles, but noting a hesitancy "from the standpoint of judicial economy to proceed to final judgment in this court only to learn on appeal that there was no jurisdiction to decide the issues presented by the parties.").

In this case, the time for amending the petition as a matter of right under Iowa law has expired, leaving the decision whether to grant Plaintiff's Motion to Amend in the discretion of the state court. *See* Iowa R. Civ. P. 1.402 (permitting amendment after a responsive pleading has been filed "only by leave of court or by

written consent of the adverse party").[2] For the reasons discussed above, the Court concludes that Plaintiff's Motion to Amend his petition, by itself, is not sufficient to confer jurisdiction in the federal courts. Accordingly, the case is *sua sponte* REMANDED to state court as prematurely removed.

IT IS SO ORDERED.

---

**2.** While Defendant Deere and Company does not object to the Amended Petition, co-Defendant Ottumwa Regional Health Center filed a resistance to the application for leave to amend.